## GLOVER v. THE STATE.

1. If in a prosecution for murder there be evidence of an altercation and mutual combat between the accused and the deceased, it is proper to charge section 73 of the Penal Code.
2. Unless a written request be a pertinent legal charge, the judge should decline to give it.
· 3. The evidence authorized the verdict, and there was no error in denying a new trial.

Argued October 3 — Decided October 12, 1898.

Indictment for murder. Before Judge Reese. Elbert superior court. May 17, 1898.

*S. L. Olive, Z. B. Rogers* and *A. G. McCurry,* for plaintiff in error. *R. H. Lewis, solicitor-general,* contra.

FISH, J. 1. One of the grounds of the motion for new trial was, that the court erred in charging the law as contained in section 73 of the Penal Code; the assignment of error being that " said charge was not applicable to the facts and defense relied on in this case." That section is as follows: " If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the

assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." The question is: Was this law applicable to the facts of the case? It is immaterial whether it was applicable to the defense relied on by the accused, if the evidence made it pertinent. According to the testimony of the witnesses for both the State and the accused, there was an altercation between the accused and the deceased, each exhibiting a willingness to fight, and each drew a pistol before a shot was fired. It would seem from the testimony of some of the witnesses that the accused began the difficulty, and that he drew his pistol and fired first; from the testimony of others, that the deceased began the difficulty, drew his pistol and fired first; and from others still, that the accused and the deceased fired simultaneously. This evidence, therefore, makes just the kind of case in which the law embraced in section 73 of the Penal Code is solely applicable. *Powell* v. *State,* 101 *Ga.* 9; *Teasley* v. *State,* 104 *Ga.* 738; *Parks* v. *State,* ante, 242.

2. Another assignment of error is, that the court refused to charge a written request as follows: "If the defendant was where he had a legal right to be, and the deceased made an attack upon him with a deadly weapon, the defendant was under no obligation to retreat, but had a legal right to defend himself against such attack, so far as was necessary to accomplish his defense." The evidence shows that the difficulty occurred at a dance in a house where neither the deceased nor the accused resided, and that the one had as much legal right to be there as the other. The evidence presented no question as to the relative right of either of the contestants to be where he was at the time of the homicide. The request to charge, as to the accused being under no obligation to retreat, and as to his right to defend himself against an attack upon him with a deadly weapon, was too broad. Under section 70 of the Penal Code, one who is himself free from fault may, without retreating, use whatever force is necessary to protect himself from a felonious assault, even to taking the life of his assailant, and be justifiable. So under section 71, one free from fault may, without retreating, take human life and be justifiable, if the circumstances are suf-

ficient to excite the fears of a reasonable man that a felonious assault is about to be made upon him, and the slayer, who is free from blame, acts under the influence of such fears, with the bona fide purpose of preventing the felony from being committed upon him. One who is himself to blame, however, has not the same right of standing his ground and of justification as one who is not at fault. When the slayer is at fault, then, to justify the homicide, his defense must come up to the principles of law embodied in section 73 of the Penal Code,—that there was an absolute necessity to kill to save his own life, and that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. The request to charge should have stated that if the accused was not at fault, he was under no obligation to retreat, etc. Without such qualification there was no error in refusing to charge it. See *Allen* v. *State,* 28 *Ga.* 395 (2).

3. The evidence authorized the verdict, and there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concurring.*