## 40687. JOHNSON v. THE STATE.
### (315 SE2d 871)

CLARKE, Justice.

We granted certiorari on the question of whether a charge on the duty to retreat was required under the facts of this case where the sole defense was self-defense. The Court of Appeals held that the failure to charge on retreat without a written request was harmless error if error at all. *Johnson v. State,* 169 Ga. App. 194 (312 SE2d 184) (1983). We reverse.

Appellant was indicted for voluntary manslaughter and convicted of that offense by a jury. The appellant and the victim were acquaintances who, while in a bar, became involved in an argument. The evidence indicates that the victim assaulted Ms. Johnson and pushed her into a booth. She pulled a gun from her purse and shot while he was approaching her with a bar stool. She defended on the ground of self-defense; during cross-examination the state's attorney questioned her on why she did not leave or run away rather than firing the gun.

At the close of the evidence, the trial court announced he would charge on justification and self-defense. The charge of the court on this defense follows the language of the code in OCGA § 16-3-21. Following the charge, defense counsel objected because the court failed to include a charge that there is no duty under the law to run because that issue was raised during testimony and during closing arguments. The trial judge overruled the objection because no written request had been filed. The Court of Appeals held that the statutory charge on justification was sufficient.

OCGA § 16-3-21 (a) provides in part that "a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent the commission of a forcible felony." The code is silent as to whether one using such force has a duty to retreat. In *Glover v. State,* 105 Ga. 597 (31 SE 584) (1898), it was held that if the accused was not at fault there is no duty to retreat "if the circumstances are sufficient to excite the fears of a reasonable man that a felonious assault is about to be made upon him, and the slayer, who is free from blame, acts under the influence of such fears . . . ." *Glover,* at 598, 599. At the time of the court's interpretation of the law in *Glover* the penal

code then in effect was also silent as to the duty to retreat in self-defense cases. Vol. 3, Code of Georgia of 1895 adopted in Ga. L. 1895, p. 98.

The position of the court in *Glover* is in line with the majority view in this country that if the person claiming self-defense was not the original aggressor there is no duty to retreat; those jurisdictions requiring retreat generally hold there is no duty to retreat unless it can be accomplished in complete safety. LaFave & Scott, Handbook on Criminal Law, § 53, p. 395 (1972).

There have been few cases on the retreat doctrine since *Glover*. A request to charge stating only that a person claiming self-defense is not required to retreat has been held to be argumentative and incomplete. *Colson v. State*, 138 Ga. App. 366 (226 SE2d 154) (1976). In *Scott v. State*, 141 Ga. App. 848 (234 SE2d 685) (1977), a charge which placed a duty to retreat on the defendant claiming self-defense was held to be reversible error. In our view, silence of the present code on the issue of when duty to retreat may arise was not intended to eliminate the principles pronounced in *Glover*.

OCGA § 5-5-24 relieves a criminal defendant from the requirements of preserving errors in the charge imposed in civil cases, however, "this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973).

In order to provide these proper guidelines to a jury, an affirmative defense, if raised by the evidence, must be given in charge even absent a request; the rule requiring written requests on lesser included offenses set forth in *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976), is not applicable to affirmative defenses. *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). However, the failure to charge specifically on an affirmative defense will not require reversal *if the issues in the case are fairly presented. Booker*, supra. The issue of whether the charge here was complete enough was preserved for appeal by a timely objection to an omission in the charge.

While the statutory charge on justification is sufficient in most cases we find the failure to specifically charge on retreat here was error. The evidence here was not overwhelming even though sufficient. The sole defense of Ms. Johnson was self-defense. The state countered this defense by raising the issue of retreat, claiming she should have run away. After the charge of the court, counsel for the defense immediately objected to the failure to charge on retreat. Normally there is the state's evidence of the crime countered by the defendant's evidence of an affirmative defense. Here we have the additional ele-

ment of the state offering evidence and arguing a position which is intended to negate the affirmative defense, i.e., the opportunity to retreat.

We hold that where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat as set forth in *Glover*.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED MAY 15, 1984 — REHEARING DENIED MAY 31, 1984.

*Kirbo & McCalley, Thomas L. Kirbo III*, for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney*, for appellee.