## 69090. DUMAS v. THE STATE.
### (326 SE2d 1)

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter. On appeal he contends the trial court erred by failing to charge that appellant had no duty to retreat, where his sole defense was that he acted in self-defense. Appellant argues that under the ruling in *Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984), which held that "where

self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat as set forth in *Glover* [*v. State*, 105 Ga. 597 (31 SE 584) (1898)]." Although we agree with this statement of the law, we do not believe it is applicable to the facts in this case.

The evidence disclosed that Gary Brown and appellant were in a beer hall/restaurant. Brown was warned by a barmaid to watch his language or she would call the police; appellant told her that would not be necessary. Brown then apologized to the barmaid and appellant, who immediately thereafter struck Brown in the head with a beer bottle. Brown dragged appellant to the floor and was beating him when appellant managed to get a gun he (appellant) was carrying. The two men got up and appellant struck Brown in the face with the gun. The gun fell to the floor and appellant retrieved it; he started backing up and testified that Brown, who was also carrying a pistol, fired two shots from it at appellant. Appellant then fired several shots, fatally wounding Brown. Appellant departed the beer hall/restaurant where the incident occurred and threw his gun in the river. Appellant fled to Florida, but returned several days later and surrendered to police. He admitted shooting Brown, but claimed he did so in self-defense after Brown started the fight and was beating appellant severely.

The transcript does not reflect that the prosecutor raised an issue of appellant's duty to retreat; in fact, appellant himself testified that he was backing up when Brown fired at him. On cross-examination the prosecutor only questioned appellant about his version of the incident. At no time did the prosecutor ask appellant why he did not run away or attempt to escape.

In closing argument the prosecutor stated: "He says he fired in self-defense, but he emptied his gun. He emptied, he fired five shots and we know that four holes ended up in Bobby Dumas' [sic Brown's] body. If he was only attempting to defend himself, why didn't he fire once and leave? But he emptied the gun. He fired five shots."

We do not believe that this statement implies that appellant had a duty to retreat. Although convicted of voluntary manslaughter, appellant was charged with malice murder. The prosecutor was arguing that the fact that appellant fired five shots instead of one showed that appellant was not acting in self-defense, but was acting with malice. Thus, the argument did not relate to a duty to retreat, but to the issue of malice.

Since the prosecution did not raise an issue of the duty to retreat, the rule enunciated in *Johnson*, supra, is not applicable to the facts of the instant case. Under such circumstances, the court's charge on justification fairly presented this issue to the jury and does not require reversal. *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981); *Johnson*,

supra at 38.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED DECEMBER 5, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

*Thomas R. Moran, Bobby Lee Cook, Jr., Edward T. Brock*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Paul L. Howard, Jr., Assistant District Attorneys*, for appellee.