## 42248. WARD v. THE STATE.
### (331 SE2d 521)

WELTNER, Justice.
Clearance Ward shot and killed Vernon Knight with a handgun. He was convicted of murder, possession of a firearm by a convicted felon, possession of a pistol without a license, and carrying a concealed weapon.[1]
At trial, Ward admitted shooting Knight after an argument over money. There was one eyewitness to the homicide, who testified at the trial.
1. Ward contends that the trial court erred in failing *sua sponte* to sever for trial the two felony counts of the indictment (possession of a firearm by a felon and murder).
In *Poteat v. State,* 251 Ga. 87, 90 (303 SE2d 452) (1983), we stated: " 'The right to a severance . . . arises only upon appropriate

---

[1] The murder was committed on January 5, 1984. Ward was convicted on September 6, 1984. His motion for new trial was filed September 21, 1984, and amended, heard and denied on February 8, 1985. The transcript was filed on December 3, 1984. A notice of appeal was filed on February 28, 1985. The case was docketed in this court on April 17, 1985, and submitted on May 31, 1985.

motion. No motion to sever having been made in the trial court, the contention is without merit.' " The court's failure to order severance was not error.[2]

2. Ward contends that the court erred in failing to instruct the jury on the issue of retreat, as his sole defense was justification. The court gave Ward's requested charges on justification. There was no request for a charge on retreat, and Ward made no exception or reservation to the charge.

The prosecutor did not question Ward as to why he did not quit the scene of the argument. As the issue of retreat was not raised by the evidence, there was no error. Compare *Johnson v. State*, 253 Ga. 37 (315 SE2d 871) (1984).

3. The evidence supports the verdict under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 19, 1985 —
REHEARING DENIED JULY 23, 1985.

*Thomas R. Moran, Hugh E. Smith, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

[2] As to some aspects of severance in a similar circumstance, see *Stone v. State*, 253 Ga. 433 (321 SE2d 723) (1984) and *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984).