A90A1038. WAINWRIGHT v. THE STATE.
(397 SE2d 456)

BANKE, Presiding Judge.

The appellant was convicted of aggravated battery based on his involvement in a fight which ended in a shooting. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in failing to give his requested jury instruction on the right to use force in defense of others. See generally OCGA § 16-3-21 (a). The fight started as an altercation between the victim and the appellant's younger son, Jimmy, but expanded to involve other participants. While there was little agreement at trial as to what transpired after the appellant arrived on the scene, several of the state's witnesses testified that he and his older son initially attempted to break up the fight. However, the altercation continued; and the victim ultimately struck Jimmy in the face, dislocating his nose and causing him to bleed profusely. One of the state's witnesses testified that the appellant and his sons withdrew toward their car at this time but the victim chased after them in a menacing manner and hit Jimmy again, whereupon the appellant brandished a pistol at the victim and then shot him after the victim said, "Old man, you pull that gun on me, you'd better use it."

The appellant requested a charge on the principle that a person is justified in using force which is intended or likely to cause death or

great bodily harm if he reasonably believes such force is necessary to prevent death or great bodily injury to himself *or a third person,* see OCGA § 16-3-21 (a). The state, on the other hand, requested a charge on OCGA § 16-3-21 (b) (3), which specifies that a person is not justified in using force where he "was the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force." The trial judge announced at the charge conference that he would be willing to charge on the right to use force in defense of others only in conjunction with the state's requested charge on mutual combat. Appellant's counsel responded: "I prefer not to have that charge if the court is giving me an either/or situation." The jury was thus charged on the right of self-defense but not on the right to use force in the defense of others.

"If an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request." *Booker v. State,* 247 Ga. 74 (274 SE2d 334) (1981). See also *Johnson v. State,* 253 Ga. 37 (315 SE2d 871) (1984). As a jury question existed in this case as to whether the appellant reasonably believed it was necessary to shoot the victim in order to prevent "great bodily injury" to his sons, and as this was in fact his principal defense at trial, we hold that the trial court erred in failing to give the requested charge.

2. The appellant further contends that, notwithstanding his failure to request such a charge, the evidence required a jury instruction on the principle set forth in *Glover v. State,* 105 Ga. 597 (31 SE 584) (1898), that a person who is not the original aggressor is under no duty to retreat. In this regard, the appellant relies on the holding in *Johnson v. State,* supra at p. 39, that "where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat as set forth in *Glover."*

Initially, we note that "self-defense" was not the appellant's "sole defense" in the present case. Rather, as he so vigorously argued in connection with his first enumeration of error, there was also an issue as to whether he was justified in using force to protect his sons. However, pretermitting whether this would affect his right to a charge on the principle set forth in *Glover,* we hold that no such charge was required in this case because the issue of retreat was not "raised by the evidence or placed in issue." In *Johnson,* the issue of retreat was injected into the case by the state's attorney when he questioned the defendant as to why she had not run away rather than shooting the victim. In the present case, there was no such questioning or argu-

ment by the state's attorney, nor did the court make any comment suggesting that the appellant may have been under a duty to retreat. Accordingly, we find this enumeration of error to be without merit. Accord *Wesley v. State*, 177 Ga. App. 877 (2) (341 SE2d 507) (1986), overruled on other grounds, *Gilbert v. State*, 193 Ga. App. 283, 285 (388 SE2d 18) (1989); *Dumas v. State*, 173 Ga. App. 227, 228 (326 SE2d 1) (1984).

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990.

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney*, for appellee.