A97A1508. SMITH v. THE STATE.
(491 SE2d 519)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of armed robbery and violating Georgia's Controlled Substances Act. The evidence adduced at trial reveals that defendant and an accomplice robbed a

convenience store in Athens, Georgia; that law enforcement officers arrested defendant several days later at an Athens hotel and that one of the officers found several pieces of "rock cocaine" in the hotel room's sink and drainpipe. Defendant testified at trial and admitted that he owned one of the rocks of cocaine found in the hotel room, but denied voluntarily participating in the armed robbery. Defendant explained that two men who consumed illegal drugs with him just before the armed robbery compelled him to participate in the crime by displaying pistols that were tucked under their shirts.

The armed robbery was recorded on the convenience store's surveillance camera. This audio and video recording was admitted into evidence at trial and reveals that defendant was the primary antagonist during the armed robbery. Defendant forced the store's sales clerk onto the floor at gunpoint, jumped over the sales counter, profanely threatened the clerk and ordered her to open the cash register. Defendant then seized over $100 in cash and fled with an accomplice.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his written request to charge on the defense of coerced participation in criminal activity, arguing that the trial court's pattern charge on this affirmative defense did not "explain that threats and menaces [which excuse criminal conduct do] not have to amount to an actual assault. . . ." Citing *Johnson v. State*, 253 Ga. 37 (315 SE2d 871), and *Nelson v. State*, 213 Ga. App. 641, 642 (2) (445 SE2d 543), defendant urges that his request to charge more accurately explained his defense because it "incorporated the following language: '(t)hreats, accompanied by menaces, though the menaces do not amount to an actual assault, may, in some instances, be sufficient to arouse a reasonable belief that one's life is in imminent danger, or that one is in imminent danger of great bodily injury, or that a forcible felony is about to be committed upon one's person.' " (Emphasis omitted.)

"[T]he failure to charge specifically on an affirmative defense will not require reversal if the issues in the case are fairly presented. [*Booker v. State*, 247 Ga. 74 (274 SE2d 334)]." (Emphasis omitted.) *Johnson v. State*, 253 Ga. 37, 38, supra. In the case sub judice, the trial court's jury instruction defined coercion as "the involuntary performance of a criminal act under fear of threats or menaces. . . ." This reference to "threats or menaces" fully and fairly encompasses the threat defendant contends he was under while he was committing the armed robbery. *Johnson v. State*, 253 Ga. 37, supra, and *Nelson v. State*, 213 Ga. App. 641, 642 (2), supra, are not controlling in the case sub judice because the challenged charges in those cases did not cover specific elements of the defendants' affirmative defenses.

The trial court therefore did not err in denying his written request to charge on the defense of coerced participation in criminal activity.

2. Defendant next contends the trial court erred in admitting his custodial videotaped statement, arguing that his request for an attorney under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), was not honored. This contention is not supported by the record.

Although defendant testified at a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing that the interrogating officers did not honor his pre-interrogation requests for an attorney, one of the interrogating officers testified that defendant was fully advised of his *Miranda* rights before the interrogation; that defendant acknowledged these rights; that defendant waived these rights; that defendant was not coerced into giving a statement and that defendant did not request an attorney. "Unless clearly erroneous, a trial court's factual determinations relating to the credibility of witnesses and the admissibility of confessions will be upheld on appeal. E.g., *Sumpter v. State*, 260 Ga. 683 (2) (398 SE2d 12) (1990)." *Baird v. State*, 207 Ga. App. 44, 45 (4), 46 (427 SE2d 37). In the case sub judice, the trial court's finding in favor of admissibility of defendant's videotaped statement was not clearly erroneous.

3. Defendant contends the evidence was insufficient to support his conviction for violating Georgia's Controlled Substances Act, arguing that the State chemist tested only one of seven pieces of "rock cocaine" found in the hotel room where defendant was arrested. This argument is without merit.

Defendant's in-court admission that he owned some of the "rock cocaine" found in the hotel room, as well as defendant's admission that he was an illegal drug user, authorized the jury's finding that defendant is guilty, beyond a reasonable doubt, of violating Georgia's Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The State chemist's testimony simply buttressed this overwhelming evidence of defendant's guilt.

4. Defendant's in-court admission that he owned some of the "rock cocaine" found in the hotel room negated his request to charge on "equal access." The trial court therefore did not err in denying defendant's request to charge on the "equal access" defense. See *Woityra v. State*, 213 Ga. App. 89 (1) (443 SE2d 867).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 29, 1997.

*Anthony T. Pete, Janet S. Willy*, for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.