### A99A0435. JACKSON v. THE STATE.
(516 SE2d 792)

ANDREWS, Judge.

Diarra Jackson appeals from the trial court's order denying his motion for new trial after a jury found him guilty of aggravated assault and possession of a firearm during the commission of a felony. Jackson claims the trial court committed reversible error when it failed, even absent a request, to charge the jury on the lack of duty to retreat. We agree and reverse.

Case law is clear that where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat as set forth in *Glover v. State*, 105 Ga. 597 (31 SE 584) (1898). *Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984). *Glover* holds that one who is free from fault "may, without retreating, take human life and be justifiable, if the circumstances are sufficient to excite the fears of a reasonable man that a felonious assault is about to be made upon him, and the slayer, who is free from blame, acts under the influence of such fears, with the bona fide purpose of preventing the felony from being committed upon him." *Glover*, supra at 598-599.

Here, there was evidence that the victim, Bostick, was angry over clothes he claimed Jackson had stolen from him. When Bostick went to the apartment of a mutual friend and saw Jackson there, wearing his clothes, Bostick became angry and started yelling at Jackson.

Another guest in the apartment testified that when Bostick came in and saw Jackson wearing his clothes, he looked like he was "trying to pick a fight." Even after Jackson pulled out his gun and told Bostick to stay back, Bostick was still "in his face." The witness said that Bostick did not appear to be afraid of the gun and refused to back off.

Witnesses also testified that Jackson appeared nervous and was shaking and did not look like he wanted to fight. Another witness testified that after Jackson pulled out his gun, Bostick told Jackson "you ain't going to shoot me. You ain't got no heart."

The man who lived in the apartment told the two men they would have to go outside because there were children in the house. Witnesses testified that they heard two shots fired shortly after the two men left the apartment.

In light of this, we conclude there was evidence that Jackson had the confrontation forced on him, was free from fault in continuing the confrontation, and could reasonably have believed that Bostick was going to assault him.

Next, the evidence clearly shows that the issue of retreat was raised by the prosecutor. The prosecutor asked Jackson on cross-examination:

Did it ever occur to you that you could have gotten over here on this side of the box with him over here, and you could have gone ring around the rosie all night long, and this unarmed man never could have caught you; and when he was over here, and you were over here, you could have shot right down those stairs and gotten away? . . . Did it ever occur to you that all you had to do was run away from an unarmed man?

Jackson answered, "Sir, at the time, I didn't know if he had a weapon or not, sir." Further, the prosecutor again implied Jackson had a duty to retreat, stating in closing argument that Jackson could have kept running around the stairwell rather than shooting Bostick.

Finally, we conclude that Jackson was entitled to a charge on the issue of lack of duty to retreat even though he did not request it. In those circumstances where the omission is clearly harmful as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence, this Court will consider and review the charge even though there was no timely objection in the trial court. OCGA § 5-5-24; *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973).

Here, as in *Johnson*, the evidence was not overwhelming and Jackson's only defense was self-defense. The State countered this by claiming Jackson should have run away. Failure to charge the jury on lack of duty to retreat was clearly harmful and erroneous as a matter of law. *Johnson*, supra at 38-39.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 23, 1999.

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.