## A08A0996. FELDER v. THE STATE.
### (662 SE2d 826)

ELLINGTON, Judge.

A Crisp County jury found Christopher David Felder guilty of aggravated assault, OCGA § 16-5-21 (a) (2); possession of a firearm by a convicted felon, OCGA § 16-11-131 (b); and carrying a handgun without a license, OCGA § 16-11-128 (a). Felder appeals from the order denying his motion for new trial. Felder contends, among other things, that the trial court erred in failing to charge the jury on the

---

principles of retreat in self-defense cases. We agree that the court erred in failing to so charge, and we reverse.

Viewed in the light most favorable to the jury's verdict,[1] the record reveals the following relevant evidence. During the late evening of June 24, 2004, Felder and Frederick Smith got into a fight outside a bar in Cordele. Felder and Smith's younger brother, Jessie, had been in two fights earlier that day, as part of an ongoing family feud between the Smiths and the Felders, who are cousins by marriage. Several members of both sides of the family were present at the bar when the fight between Felder and Smith broke out.

According to Smith, the fight started shortly after he arrived at the bar to rescue his brother Jessie. He testified he walked up to Felder, demanded to know why Felder kept "jumping" his brother, and the two simultaneously grabbed each other. He testified that during the fight, which he said Felder was losing, Felder pulled a gun on him, causing him to back away. Felder then stepped toward Smith's sister, who was on the ground brawling with Felder's wife. He kicked the sister in the back, pointed the gun at her, and said "Bitch, get up off my wife." The sister "talked her way up," and as soon as Felder ceased pointing the gun at her, she fled through the bar and out the back door. Felder and Smith exchanged a few words, and then Felder shot Smith in the abdomen. Felder walked away, and Smith got into a car with a friend and went to the hospital.

Felder claimed that Smith was the aggressor, and testified that Smith took a "swing" at him as soon as he emerged from the bar. He said that the fight was "intense," that several other people were hitting him during the fight, and that someone said Jessie Smith was going to get a gun. He testified that he did not own or possess the handgun used to shoot Smith. Instead, he said he found it on the ground during the course of the brawl and only used it in self-defense. Felder testified that, during the fighting, Smith "took another step forward and [he] fired one shot at him." Felder's wife testified that Felder did not own a handgun and he did not have one with him that night. During the course of his cross-examination, the prosecutor asked Felder five times why he did not walk away from the fight. Felder responded that he had no opportunity, that he did not start the fight, that he was not angry, and that he was just defending himself.

A witness who lived across the street from the bar testified that she saw the brawl from about 30 to 40 feet away. She saw "two guys jumping on another guy." At some point in the fight, she saw the male combatants separate, and then she heard a shot and everyone

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

scattered. She saw the injured man get into a car and leave, and then she saw another man walk over to the dumpster and lay something on the ground. At that point, the police arrived. Felder's wife waved the officer over to them. The responding officer saw Felder, who was kneeling by the dumpster, place a .25 caliber pistol on the ground.

1. Felder contends the trial court erred in failing to charge on the principles of retreat applicable to self-defense cases as set out originally in *Glover v. State*, 105 Ga. 597 (31 SE 584) (1898).[2] He argues that, because the State put retreat in issue during cross-examination, and because self-defense was his sole defense, he was entitled to a jury charge fully explaining the principles of retreat, even absent a written request. The trial court refused to give Felder's oral request to charge on retreat. The judge said he was not going to "charge the jury on some amorphous principle of law that's not adjusted to the facts of the case," and said he would charge on self-defense only.

As we have held:

> [t]he rule in Georgia is that if the person claiming self-defense was not the original aggressor there is no duty to retreat. Where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat. . . . [I]n order for a charge on no duty to retreat to be required, the issue of retreat must be raised by the evidence or placed in issue. A trial court's failure to charge the jury on retreat has been found to be reversible error when the prosecution has raised the issue when questioning witnesses or in closing arguments.

(Punctuation and footnotes omitted.) *Dukes v. State*, 256 Ga. App. 236, 237 (1) (568 SE2d 151) (2002); see also *Ellis v. State*, 245 Ga. App. 807, 808-809 (3) (539 SE2d 184) (2000) (accord).

In this case, self-defense was Felder's sole defense. The evidence does not raise any other possible defense, such as accident. Retreat was squarely placed in issue by the prosecutor's cross-examination of Felder and by Felder's explanation of why he did not walk away from Smith, whom he characterized as the aggressor. We cannot say that the evidence of Felder's guilt is overwhelming when the case turns

---

[2] See *Johnson v. State*, 253 Ga. 37, 38 (315 SE2d 871) (1984) ("The position of the court in *Glover* is in line with the majority view in this country that if the person claiming self-defense was not the original aggressor there is no duty to retreat; those jurisdictions requiring retreat generally hold there is no duty to retreat unless it can be accomplished in complete safety. LaFave & Scott, Handbook on Criminal Law, § 53, p. 395 (1972).").

on the credibility of feuding family members and a witness who was about 40 feet away from the brawl. Under circumstances such as these, Felder was entitled to a jury charge on the principles of retreat, even absent a written request. *Johnson v. State*, 253 Ga. 37, 38 (315 SE2d 871) (1984); *Jackson v. State*, 237 Ga. App. 746, 747 (516 SE2d 792) (1999).

2. Given our holding in Division 1, Felder's remaining claims of error are moot.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 2, 2008.

*Timothy L. Eidson*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.