### A09A1416. BUGGLE v. THE STATE.
(683 SE2d 85)

ANDREWS, Presiding Judge.

Dan Buggle appeals from the judgment entered after a jury found him guilty of aggravated assault. Buggle claims that trial counsel was ineffective and also claims that the trial court erred in its charge to the jury. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that on the night in question, Buggle, the victim Chris Bradford, and Brandon Greenwalt, were driving around in Buggle's truck when they decided to steal some video games. According to Greenwalt, both Buggle and Bradford had been taking the prescription drug Xanax and were "high." Buggle and Bradford went into a game store and each stole a video game. They then took the games to a Wal-Mart and exchanged them for a gift card. Because Buggle needed gas, they took the gift card to the Wal-Mart gas station and Buggle filled the tank of his truck with gas. Bradford became angry

---

[15] See *Prime Home Properties*, 290 Ga. App. at 699-700 (1).

when he discovered that Buggle had used the whole gift card for gas because he wanted to buy cigarettes.

An altercation ensued until the store clerk came out and the fighting stopped. Buggle told Bradford he would have to find his own way home and walked over to get into his truck. Bradford walked around to the back of the truck and hit the tailgate. Buggle then turned around, ran back to Bradford and stabbed him. Buggle then got back in the truck and drove off. Greenwalt, who did not know what had happened, looked back and saw Bradford lifting up his shirt. When he asked Buggle why Bradford would be doing that, Buggle replied, "he's probably trying to find out where I stabbed his ass."

Bradford's testimony was essentially the same as that of Greenwalt. Bradford stated that after Buggle told him he would not give him a ride home, he punched Buggle's tailgate after Buggle was inside the truck. Bradford said that Buggle jumped out of the truck, ran around to the back where Bradford was standing and stabbed him.

Another witness to the fight stated that after Buggle stabbed Bradford, he said: "[D]on't f------ ever punch my truck again."

Buggle's father was called as a similar transaction witness. He testified that after a confrontation with his son, Buggle went outside, got a lug wrench, came back inside and threatened his father with it. Buggle's father called the police and they arrested Buggle.

Buggle testified in his own defense. He stated that he had taken one pill that day but it was not Xanax and it did not affect him. He said that Bradford was high on Xanax and became very angry when there was no money left on the gift card for him to buy cigarettes. Buggle said that Bradford continually punched him in the face. Buggle testified that as he was about to get into his truck, Bradford hit his tailgate and starting screaming threats at him. According to Buggle, he walked around to the back of the truck to try to "calm [Bradford] down." Buggle said that he warned Bradford that he had a knife and Bradford told him that he had better use it because he was going to "beat [his] ass." Buggle stated that Bradford raised one of his arms with his hand in a fist and that was when he stabbed him. Buggle said that he was afraid Bradford was going to hurt him again.

Buggle admitted on cross-examination that he could have gotten into his truck and driven away. He admitted that he was the one who walked toward Bradford and that Bradford was backing away as he walked toward him.

The State introduced Buggle's statement to police after being taken into custody in which he said that Bradford "charged" him and that was when he stabbed him. The State also introduced into evidence and played for the jury the videotape from the gas station's

camera which captured the entire incident on tape.

1. In his first enumeration of error, Buggle claims that there was reversible error because the trial court failed to charge the jury that Buggle did not have a duty to retreat. The record shows that there was no request to charge on this issue, but Buggle argues that it was nevertheless reversible error because the trial court did not sua sponte give the charge.

> The rule in Georgia is that if the person claiming self-defense was not the original aggressor there is no duty to retreat. Where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat. . . . [I]n order for a charge on no duty to retreat to be required, the issue of retreat must be raised by the evidence or placed in issue. A trial court's failure to charge the jury on retreat has been found to be reversible error when the prosecution has raised the issue when questioning witnesses or in closing arguments.

(Punctuation and footnotes omitted.) *Dukes v. State*, 256 Ga. App. 236, 237 (568 SE2d 151) (2002).

The charge on retreat is based on the principles set forth in *Glover v. State*, 105 Ga. 597 (31 SE 584) (1898).

> *Glover* holds that one who is free from fault may, without retreating, take human life and be justifiable, if the circumstances are sufficient to excite the fears of a reasonable man that a felonious assault is about to be made upon him, and the slayer, who is free from blame, acts under the influence of such fears, with the bona fide purpose of preventing the felony from being committed upon him. *Glover*, supra at 598-599.

*Jackson v. State*, 237 Ga. App. 746, 746 (516 SE2d 792) (1999). *Jackson* also holds that a defendant may be entitled to a charge on the issue of lack of duty to retreat even though he did not request it.

> In those circumstances where the omission is clearly harmful as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence, this Court will consider and review the charge even though there was no timely objection in the trial court. OCGA § 5-5-24; *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973).

*Jackson*, supra at 747.

In this case, unlike *Jackson*, the evidence of guilt was overwhelming. The only evidence that Buggle acted in self-defense was his own testimony; this was belied, however, by his acknowledgment that the videotape shows that he was the one who approached Bradford and it was Bradford who was retreating. Moreover, the jury saw the videotape of the entire altercation and did not have to speculate on how the stabbing occurred. "Based on the overwhelming evidence of [Buggle's] guilt, we conclude that the omission of the charge was not harmful as a matter of law." *Biswas v. State*, 255 Ga. App. 339, 345 (565 SE2d 531) (2002).

2. Buggle also claims that he received ineffective assistance of counsel at trial. He contends that counsel failed to investigate medical records of the victim and failed to call witnesses that had prior difficulties with the victim.

"To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. Id. Further, Buggle must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991). A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

In this case, Buggle contends that his trial counsel failed to adequately investigate prior difficulties or bad acts of the victim and also failed to investigate the victim's medical records to determine whether toxicology reports would have bolstered his claim of self-defense. Buggle does not state what prior bad acts or difficulties would have been discovered by an investigation, nor does he point to any toxicology results that should have been put into evidence. Because he has failed to specify what evidence his counsel could have presented that would have changed the result of the trial, he has failed to establish that his counsel's actions were deficient. See *Grier v. State*, 266 Ga. 170, 173 (465 SE2d 655) (1996). In any event, Buggle would also have to show that, but for this claimed deficient performance, the jury would have reached a different verdict. This he cannot do because, as stated above, the evidence of guilt was overwhelming.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2009.

*Steven B. Mizerak*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.