## S10A0462. HIGGINBOTHAM v. THE STATE.
(695 SE2d 210)

BENHAM, Justice.

Appellant Brandon Higginbotham was convicted of the 2006 malice murder of Pierre King in Calhoun, Georgia, and sentenced to life imprisonment. He was also convicted of use of a weapon while a convicted felon and possession of a firearm during the commission of a crime and received terms of years to be served consecutively to each other and to the life sentence for the malice murder conviction.[1] On appeal, he contends he did not receive effective assistance of trial

---

[1] The crimes took place on January 9, 2006. A Gordon County grand jury returned a true bill of indictment on June 9, 2006, charging appellant with malice murder, felony murder (aggravated assault), felony murder (possession of a firearm by a convicted felon), possession of a firearm during the commission of a crime, and use of a firearm by a convicted felon. The trial took place July 16-17, 2007, and appellant was found guilty of all charges. The trial court sentenced him to life imprisonment on the malice murder guilty verdict, with the felony murder convictions vacated as a matter of law. Appellant received a five-year sentence for possession of a firearm during the commission of a crime and a consecutive fifteen-year sentence for possession of a firearm by a convicted felon. Appellant's motion for new trial, filed on August 16, 2007, was amended on September 21, 23, and 24, 2009, and was orally denied by the trial court following a hearing on September 24, 2009. The written order denying the amended motion for new trial was filed October 15, 2009. Appellant filed a notice of appeal on October 8, 2009, citing the trial court's oral denial of the amended motion for new trial, the

counsel, the State did not provide him with material and exculpatory evidence prior to trial, his constitutional right to confront the witnesses against him was compromised, and the trial court erred when it did not give a requested charge on no duty to retreat.

1. Pierre King died on January 9, 2006, as a result of a gunshot wound that perforated his aorta and injured both of his lungs. Witnesses who had known appellant for years testified that appellant, the former boyfriend of King's current girlfriend, entered King's apartment with a gun visible in his waistband and forced his former girlfriend to leave the apartment. He and the woman struggled outside the apartment, with the mother of the woman intervening. The victim came from his apartment, fought with appellant, and fled when someone shouted appellant had a gun. Two women sitting in a nearby car identified appellant as the only person they saw holding a gun when they heard gunshots, and one of the women testified she saw appellant pull a black handgun from his side and fire three or four shots at the victim. The State introduced certified copies of appellant's 2003 conviction for violation of the Georgia Controlled Substances Act and his 2002 conviction for possession of a firearm by a convicted felon. The evidence was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of malice murder, possession of a firearm during the commission of a crime, and use of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends his constitutional rights to due process and a fair trial were violated when the State failed to apprise defense counsel prior to trial of potentially exculpatory information related by the GBI's expert firearms examiner during his testimony. See *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963). The expert testified that the bullet extracted from the victim was a 9mm Black Talon manufactured by Winchester, with a rifling configuration consistent with having been fired from a gun manufactured by Hi-Point. The expert identified the four shell casings found at the scene to be 9mm Lugars manufactured by Remington that were consistent with being fired from a firearm manufactured by Hi-Point. Without the firearm, the expert testified, there was no way to say that the bullet removed from the victim had been fired from the same gun from which the shell casings were ejected.[2]

---

notice of appeal ripened on October 15, 2009, and the case was docketed in this Court November 25, 2009. It has been submitted for decision on the briefs.

[2] The expert's written ballistics report did not contain this information, and trial counsel testified at the hearing on the motion for new trial that it was evident to him that the prosecuting attorney was as surprised by the expert's testimony as was defense counsel.

Appellant contends the State's failure to apprise defense counsel before trial of the expert's findings violated *Brady*. However, trial counsel voiced no *Brady* objection during the expert's testimony. Appellant's failure to raise the issue at trial forecloses review of the issue on appeal. See *Wisdom v. State*, 234 Ga. 650, 651-652 (217 SE2d 244) (1975); *Bell v. State*, 203 Ga. App. 109 (1) (416 SE2d 344) (1992).

3. Appellant also takes issue with the admission of the testimony of the first-responding police officer that, in response to her question of what happened, the victim's hysterical girlfriend said that appellant had shot the victim. The girlfriend did not testify at trial, and appellant objected to the admission of the officer's hearsay testimony. Before this Court, appellant contends the admission of the officer's testimony violated his constitutional right to confront the witnesses against him, as guaranteed by the Sixth Amendment to the United States Constitution. See also *Crawford v. Washington*, 541 U. S. 36, 68 (124 SC 1354, 158 LE2d 177) (2004).

> There is a distinct difference between a challenge to the admission of evidence based upon the Confrontation Clause and that based upon an exception to the hearsay rule. . . . Consequently, [appellant's] failure to raise an objection to the admission of the evidence under the Sixth Amendment precludes consideration of the issue on appeal.

*Walton v. State*, 278 Ga. 432 (1) (603 SE2d 263) (2004). See also *Treadwell v. State*, 285 Ga. 736 (1) (a) (684 SE2d 244) (2009).

4. Appellant believes there was reversible error in the trial court's failure to give a requested charge on no duty to retreat after informing trial counsel in the charge conference that such a charge would be given.[3] Appellant's failure to object to the charge as given before the jury retired to deliberate constitutes waiver of the issue on appeal (OCGA § 17-8-58 (a)) unless "such portion of the jury charge constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b). Appellant asserts his failure to object does not constitute a waiver because a defendant is entitled to a charge on the principles of retreat without a written request therefor "where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue. . . ." *Johnson v. State*, 253 Ga. 37, 38 (315 SE2d 871) (1984). Even if justification were appel-

---

[3] The Suggested Pattern Jury Instruction on the subject, Vol. II: § 3.10.13 (4th ed.), states: "One who is not the aggressor is not required to retreat before being justified in using such force as is necessary for personal defense or in using force that is likely to cause death or great bodily harm if one reasonably believes such force is necessary to prevent death or great bodily injury to oneself or a third person or to prevent the commission of a forcible felony."

lant's sole defense, the issue of retreat on appellant's part was not raised by the evidence. In contrast to the defendant in *Johnson* and the defendant in *Jackson v. State*, 237 Ga. App. 746, 747 (516 SE2d 792) (1999), appellant was not questioned as to why he did not leave the scene. *Ward v. State*, 254 Ga. 610 (2) (331 SE2d 521) (1985). The trial court did not err in its failure to instruct the jury that appellant had no duty to retreat.

5. Appellant contends trial counsel rendered ineffective assistance of counsel by failing to seek the removal for cause of a juror who informed the court that he worked with the victim's father; by failing to request a limiting instruction regarding the jury's consideration of evidence of appellant's prior felony convictions; by failing to object to the trial court's jury instruction that a witness's "level of certainty" is a factor to consider in evaluating the reliability of the witness's identification testimony; by failing to object to the trial court's jury instruction on the crime of use of a firearm by a convicted felon; and by failing to object to the failure of the trial court to give an instruction on no duty to retreat.

> In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

*Coleman v. State*, 286 Ga. 291 (6) (687 SE2d 427) (2009). If an appellant fails to meet the burden of proving either prong of the test, the reviewing court need not examine whether the burden of proving the other prong has been met. *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004).

(a) After opening statements, a juror informed the trial court he was "pretty sure" he knew the father of the victim from his place of employment, but did not know him well enough to know his name. Upon further inquiry by the trial court, the juror stated he could view the evidence fairly and impartially and his connection with the victim's father would not affect how he would examine the evidence presented. Appellant contends trial counsel provided ineffective assistance when he did not seek the juror's removal for cause. However, appellant did not question trial counsel at the motion for new trial hearing about his decision-making with regard to this issue. "In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing [about the subject], it is

extremely difficult to overcome this presumption." (Citation and punctuation omitted.) *Wilson v. State,* 277 Ga. 195, 200 (586 SE2d 669) (2003).

> The decision to strike a potential juror for cause lies within the sound discretion of the trial court, and before a potential juror is so excused, it must be shown that the individual holds an opinion of the defendant's guilt or innocence that is so fixed and definite that the individual will not be able to set the opinion aside and decide the case based upon the evidence and the court's instructions.

*Stokes v. State,* 281 Ga. 825 (2) (642 SE2d 82) (2007). Inasmuch as the trial transcript shows that the juror did not meet the qualification for dismissal for cause, appellant did not overcome the strong presumption that counsel's failure to seek the juror's removal constituted reasonable professional assistance.

(b) At the hearing on the motion for new trial, trial counsel testified he could not recall why he did not request an instruction that limited the jury's consideration of the evidence of appellant's prior felony convictions that were used to prove appellant's status as a convicted felon. Compare *Phillips v. State,* 285 Ga. 213 (5) (c) (675 SE2d 1) (2009); *Jones v. State,* 280 Ga. 205 (2) (b) (625 SE2d 1) (2005) (where trial counsel testified to the reasoning behind the failure to seek a limiting instruction). The prior convictions were introduced into evidence at the close of the State's case-in-chief by submitting the documents to the trial court and noting they were proffered as relating to the two counts of the indictment in which they were named as the predicate felony. Assuming deficient performance in the failure to request a limiting instruction, appellant did not establish prejudice therefrom — that the outcome of his trial would have been different had the jury been told they were to consider the prior convictions only for the purposes of establishing the predicate offenses of the counts in which they were described. See *Fuller v. State,* supra, 277 Ga. at 507.

(c) The trial court admitted having erred in including "level of certainty" as a factor the jury could consider in assessing the reliability of a witness's identification of appellant. See *Brodes v. State,* 279 Ga. 435 (614 SE2d 766) (2005). The trial court went on to conclude the error was harmless in light of the overwhelming evidence of appellant's guilt, the fact that identity was not an issue at trial, and that several witnesses who identified appellant knew him prior to the night of the murder. See *Zellars v. State,* 278 Ga. 481 (7) (604 SE2d 147) (2004). We agree with the trial court's assess-

ment; accordingly, trial counsel's deficient performance in failing to object to the charge was not prejudicial.

(d) Appellant contends trial counsel performed deficiently by failing to object to the trial court's instruction on *possession* of a firearm by a convicted felon when appellant was charged with *use* of a firearm by a convicted felon. However, as trial counsel observed at the motion for new trial hearing, there was no need for him to object to the charge because the district attorney immediately advised the trial court of the error and the jury was recalled and given instructions with regard to the crime as charged.

(e) Since it was not error to fail to give a charge on no duty to retreat (see Division 4, supra), trial counsel's failure to object to the lack of such a charge was not deficient performance.

In light of the above, the trial court did not err when it determined that appellant did not carry his burden of proving ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Jennifer A. Trieshmann,* for appellant.

*T. Joseph Campbell,* District Attorney, *Thurbert E. Baker,* Attorney General, *David A. Zisook,* Assistant Attorney General, *Stewart D. Bratcher,* for appellee.