## A11A0578. HILL v. THE STATE.

(713 SE2d 891)

BARNES, Presiding Judge.

A jury found Marvin Hill guilty of aggravated assault, and the trial court denied his motion for a new trial. On appeal, Hill enumerates several alleged errors, including that the trial court erred by failing to charge the jury on the principle of no duty to retreat in self-defense cases. We conclude that the trial court committed reversible error by failing to give the charge because self-defense was Hill's sole defense, the issue of retreat was raised by the evidence, the prosecutor raised the issue of retreat in cross-examining Hill and in closing argument, and the evidence of guilt was not overwhelming. Accordingly, we must reverse Hill's conviction and remand for a new trial.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009). So viewed, the evidence showed that the victim was playing basketball in a neighborhood in Fulton County. Hill was in the same neighborhood visiting with some friends who lived a few doors down from where the victim was playing ball. The victim decided that he wanted to go home and approached Hill, who was outside talking with his friends, about getting a ride. Hill did not know the victim except in passing and

refused to drive him home. After his refusal, Hill and the victim got into a heated verbal altercation, and each of them threatened to hurt the other.

Once the verbal altercation ended, Hill left the neighborhood in his car to take his friends to the grocery store, while the victim returned to the yard where he was playing basketball. When Hill got back from the store with his friends, the victim was still outside, along with several other individuals. After dropping off his friends, Hill drove back down the street in the same direction that the victim and others were standing. As his car drove past them, someone threw a beer bottle at Hill's windshield and cracked it. There was conflicting testimony as to whether the victim threw the bottle and where he was standing at the time it was thrown. Hill then deliberately struck the victim with his car. The victim got pinned underneath and was dragged several feet, resulting in severe injuries to his leg and chest.

Hill was arrested and indicted on the charge of aggravated assault for deliberately striking the victim with his car. At trial, the State maintained that Hill struck the victim in a fit of rage after his car windshield was hit with the beer bottle. In contrast, Hill maintained that he struck the victim in self-defense because the victim threw the bottle at his car, verbally threatened him, and then reached under his shirt as if grabbing for a gun, leading him to believe that the victim was about to shoot him.

The victim took the stand and denied throwing the bottle at Hill's car. He testified that he was standing in a friend's yard approximately 20 feet from Hill's car when the bottle was thrown, and that Hill then drove up into the yard and ran over him. The victim further testified that he was not wearing a shirt that day, did not have a gun with him, and did not threaten to shoot Hill. Other witnesses testified that the victim had thrown the bottle and had on a shirt but that they never saw the victim reach under his shirt, pull out a gun, or verbally threaten Hill before he was struck by the car. Witnesses also testified that the victim was trying to run away from Hill's car at the time he was struck.

In addition, a police officer who responded to the scene testified that Hill said that he had gotten angry at the victim for throwing the bottle at his car and had run over him as a result. The officer noted that Hill never said that he thought that the victim had a gun, that he feared for his life, or that he was acting in self-defense when he struck the victim. The officer further testified that he did not find any weapons around the site of the incident.

Hill testified to an entirely different version of events. According to Hill, during his initial verbal altercation with the victim, the victim had threatened, "I will take your car and shoot you." Hill testified that later, after returning from the grocery store and

dropping off his friends, he drove by the victim on his way out of the neighborhood to go home. At that point, Hill claimed that the victim threw a bottle at his windshield and then reached under his shirt and said, "Now I'm going to bust you," as he stood at the curb two or three feet from the car. Hill testified that he thought he saw something shiny and believed that the victim was reaching for a gun. As related by Hill, at that second, he turned the wheel and steered his car into the victim on the curb because he was scared of getting shot. Hill stated that the victim then slipped and went underneath the car, which came to rest in the yard adjacent to the curb. Following the collision, Hill said that he told the responding officer that he believed the victim had been reaching for a gun, but the officer never gave him an opportunity to provide a written statement or fully explain himself.

One of the ways that the prosecutor attempted to counter Hill's defense was by raising the issue of retreat. During cross-examination, the prosecutor asked Hill why he did not simply drive back to his friends' house up the street and dial 911 if he felt threatened by the victim. Hill responded that he thought the victim had a gun and that "it was either me getting shot or trying to stop him from shooting me." The prosecutor also asked Hill why he "didn't put it in reverse and back up instead of driving over the [victim]," and he responded, "Because I was scared that the [victim] had a gun." Later, during closing argument, the prosecutor again raised the issue of retreat, arguing that Hill should have simply driven away: "He could have steered away. He could have put it in reverse and gotten the heck out of dodge."

At the trial's conclusion, Hill orally requested that the trial court charge the jury with the pattern instructions for self-defense, and the court indicated that it would do so. However, Hill failed to submit any written requests to charge to the trial court. The trial court subsequently charged the jury on self-defense, but omitted the pattern jury instruction regarding the lack of a duty to retreat for a non-aggressor.[1] Hill did not object to this omission in the charge.

After hearing the conflicting testimony and the charge of the court, the jury convicted Hill of aggravated assault. Hill filed a motion for a new trial, which the trial court denied. This appeal followed.

---

[1] The Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 3.10.13, provides:
    One who is not the aggressor is not required to retreat before being justified in using such force as is necessary for personal defense or in using force that is likely to cause death or great bodily harm if one reasonably believes such force is necessary to prevent death or great bodily injury to oneself or a third person or to prevent the commission of a forcible felony.

1. Although not enumerated as error, we first address the sufficiency of the evidence to support Hill's conviction. Under Georgia law,

> [a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force; however, . . . a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

OCGA § 16-3-21 (a). "Once evidence of self-defense is presented, the burden is on the [S]tate to disprove that defense beyond a reasonable doubt." (Footnote omitted.) *In the Interest of A. D.*, 295 Ga. App. 750, 751 (673 SE2d 116) (2009). The question of whether a defendant acted in self-defense is normally for the jury to resolve. *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001).

Viewed in the light most favorable to the verdict, the evidence discussed above was sufficient for the jury to conclude beyond a reasonable doubt that the State disproved Hill's self-defense claim. The jury was entitled to reject Hill's version of events and instead find that the victim did not throw the beer bottle, did not verbally threaten Hill, and did not reach under his shirt as if grabbing for a gun before he was struck by the car. See *Muckle v. State*, 307 Ga. App. 634, 638 (1) (a) (705 SE2d 721) (2011) (noting that "although [the defendant] offered testimony that conflicted with the State's version of events, it was the role of the jury[ ] . . . to assess the credibility of the witnesses and decide whose testimony to accept or reject."). And even if the jury found that the victim threw the bottle at Hill's car, it could have concluded that Hill struck the victim after any danger had passed and that his response was excessive. See id. at 637 (1) (a) (defendant's use of force not justified if it occurs "after the imminent danger . . . has passed" or "if the amount of force . . . is excessive") (citations and punctuation omitted). Accordingly, the evidence was sufficient to authorize a rational jury to find Hill guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-5-21 (a) (2).

2. Hill argues that the trial court committed reversible error by failing to charge the jury on the principle that a non-aggressor is not required to retreat before using force against an assailant, even absent a written request to charge. We agree.

Regarding the issue of retreat in self-defense cases, Georgia law provides that

> one who is not the aggressor is not required to retreat before being justified in using such force as is necessary for personal defense or in using force which is likely to cause death or great bodily harm, if one reasonably believes such force is necessary to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

(Citation and punctuation omitted.) *Lewis v. State*, 292 Ga. App. 257, 264 (2), n. 6 (663 SE2d 721) (2008). See OCGA § 16-3-23.1; *Glover v. State*, 105 Ga. 597, 598-599 (31 SE 584) (1898). Where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defendant is entitled to a charge on the lack of a duty to retreat. See *Johnson v. State*, 253 Ga. 37, 38-39 (315 SE2d 871) (1984); *Jackson v. State*, 237 Ga. App. 746 (516 SE2d 792) (1999). Furthermore, a trial court commits reversible error in failing to give the charge, even absent a written request or timely objection to its omission, where the evidence of the defendant's guilt is not overwhelming and "the prosecution has raised the issue [of retreat] when questioning witnesses or in closing arguments." (Citations omitted.) *Felder v. State*, 291 Ga. App. 740, 742-743 (1) (662 SE2d 826) (2008). See *Jackson*, 237 Ga. App. at 746-747.

In the present case, self-defense was Hill's sole defense. Based upon his testimony, Hill was simply trying to drive home when the victim, who earlier that day had threatened to take his car and shoot him, approached his car, threw a beer bottle at the windshield, threatened to "bust" him, and reached under his shirt as if grabbing for a gun. Hence, under Hill's version of the facts, he was not the initial aggressor and reasonably believed that force was necessary to prevent death or great bodily harm to himself. Moreover, the issue of retreat was squarely placed in issue by the prosecutor's cross-examination of Hill, by Hill's explanation of why he did not drive away from the victim, whom he characterized as the aggressor, and by the prosecutor's closing argument. Compare *Higginbotham v. State*, 287 Ga. 187, 190 (4) (695 SE2d 210) (2010) (trial court's failure to charge on lack of duty to retreat was not error, where the prosecutor did not question the defendant "as to why he did not leave the scene" and the issue was not otherwise raised by the evidence).

Additionally, we cannot say that the evidence of Hill's guilt was overwhelming, given that the case turned solely on the credibility of Hill, the victim, and the other witnesses. Compare *Buggle v. State*, 299 Ga. App. 515, 518 (1) (683 SE2d 85) (2009) (evidence of

defendant's guilt was overwhelming, where the defendant's testimony that he acted in self-defense was belied by a videotape of the incident). Under these circumstances, the trial court committed reversible error in failing to charge the jury on the lack of a duty to retreat, and we must reverse Hill's conviction and remand for a new trial. See *Johnson*, 253 Ga. at 38-39; *Lewis*, 292 Ga. App. at 265-266 (2); *Felder*, 291 Ga. App. at 742-743 (1); *Jackson*, 237 Ga. App. at 747.

3. In light of our holding in Division 2, we need not address Hill's remaining enumerations of error.

*Judgment reversed. Adams and Blackwell, JJ., concur.*

DECIDED JULY 8, 2011.

*Eric J. Taylor*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Peggy R. Katz*, Assistant District Attorney, for appellee.