## 24840. MOBLEY *v.* THE STATE.

DECIDED JUNE 27, 1935.

*Farr & Mitchell,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.

MacINTYRE, J. The indictment in this case charges Burwell Liles and Raymond Mobley with committing the crime of robbery by force. Liles was absent, but Mobley was tried and found guilty of the offense charged. The exception is to the judgment overruling the motion for a new trial.

The evidence supports the verdict, and movant relies solely upon a single special ground complaining of the charge of the court. We quote from the ground as follows: "The following charge of the court, to wit: 'The indictment in this case charges Burwell Liles and Raymond Mobley with robbery by force. The defendant Raymond Mobley is on trial under that indictment and has entered a

plea of not guilty, and that makes the issue which you are to pass on under the evidence and the law,' the same being contained in the first paragraph of the judge's charge, and the following charge of the court being contained in the fifteenth paragraph of said charge, to wit: 'Two men here are charged with the offense of robbery jointly. It is the contention of the State that they jointly, co-operating with each other and one abetting the other, committed the robbery, or a robbery on the person referred to in the bill of indictment; that if this defendant, whether he actually took the money from the man's pocket, or was standing by, assisting and aiding and abetting the other one to take it, if he took it himself in the way and manner described in the indictment, he is guilty, or if he abetted the other, encouraged, stood by, helping the other to take it, he would be guilty,' was and is the only charge to the jury on the contention of the parties, and was and is manifestly error." Here follow numerous assignments of error, the nature of which will be understood from what follows. We hold that the excerpts set out in the ground do not disclose reversible error for the alleged reason that they unduly stressed the contentions of the State, or that they were "argumentive and calculated to mislead and confuse the jury on the real issue and contention of the case, and denied movant a fair and impartial trial," or that they were "calculated to lead the jury to believe that the defendant had . . no theory of defense save that of his implied innocence," or that they "intimated the opinion of the court that there had been no contentions proved by the defendant" and that the defendant was guilty, or that they were "so one-sided in stressing the contentions of the State that the defendant was denied a fair trial." Some of the criminal cases cited by counsel for movant to sustain the general rule that it is error for the court, in charging the jury, "to unduly stress the contentions of the State, at the same time ignoring the contentions of the accused," are: *Baldwin* v. *State,* 120 *Ga.* 188 (4) (47 S. E. 558); *Brantley* v. *State,* 115 *Ga.* 229 (41 S. E. 695); *Wilson* v. *State,* 8 *Ga. App.* 816 (70 S. E. 193). The *Baldwin* case is what might be termed an *extreme* illustration of the rule, for there the court went into the details of the conduct of the accused so minutely and extensively as to make a reversal inevitable. In the *Brantley* case the charge "strenuously pointed out and impressed upon the attention of the jury numerous mi-

nute circumstances tending to implicate the accused," and "the theory of the State was repeatedly stated to the jury, with no corresponding statement of the points insisted on in behalf of the defense." In the *Wilson* case the charge was not set out, but the general rule was stated by the court in this language: "Where the charge of the court is argumentative and so strongly states the contentions of one of the parties as to weaken and disparage those of the opposite party, and thus is liable to impress the jury that the court is of the opinion that the defendant is guilty, a new trial should be granted." These cases differ widely from the case at bar and do not control it.

But counsel for the movant appear to rely strongly upon the assignment of error that the court did not anywhere charge the following contentions of the defendant: "That the prosecutor had lost the alleged pistol in a poker game, together with all the money in his possession at that time, and that the prosecutor was so drunk that he did not know what did happen on the date alleged in the . . indictment, and that if the jury found these facts to be true, the defendant was entitled to an acquittal." "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense [stated by the court], and that to this the defendant has filed a plea of guilty, which makes the issue for them to try, sufficiently presents the issue." *Wilensky* v. *State,* 15 *Ga. App.* 360 (2) (83 S. E. 276). Some of the cases in which this rule is stated and followed are *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39); *Quinn* v. *State,* 22 *Ga. App.* 632 (7), 635 (97 S. E. 84); *Parks* v. *State,* 24 *Ga. App.* 243 (100 S. E. 724); *Stewart* v. *State,* 37 *Ga. App.* 386 (9) (140 S. E. 415); *Crowe* v. *State,* 37 *Ga. App.* 828 (2) (142 S. E. 306). See also *Fouts* v. *State,* 175 *Ga.* 71 (6) (165 S. E. 78). "In charging the jury the trial judge is not required, especially in the absence of a timely and appropriate written request, to call the attention of the jury to each particular contention of the contesting parties which may be developed in the evidence." *Southern Cotton Oil Co.* v. *Thomas,* 155 *Ga.* 99 (4) (117 S. E. 456). Upon the authority of the *Wilensky* case, and the other cases cited, we hold that there is no merit in the assignment of error under consideration.

In conclusion, we hold that the evidence supports the verdict, and that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*