## 45958.   BELL v. THE STATE.

EVANS, Judge. The defendant was indicted for murder. He was thereafter tried and convicted of voluntary manslaughter, and sentenced to serve 20 years. He appeals from the judgment and sentence. Error is enumerated on the following: 1. The trial judge failed to correctly charge the jury as to defendant's contentions that on other occasions he had been threatened by deceased, and was in fear of bodily harm and feared for his life; 2. The trial judge should not have charged the jury in regard to voluntary manslaughter, as under no theory of the evidence or defendant's statement could a verdict for voluntary manslaughter have been returned. *Held:*

1. A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to present in detail the various contentions unless requested to do so. *Southern Cotton Oil Co. v. Thomas,* 155 Ga. 99 (4) (117 SE 456); *Moore v. State,* 1 Ga. App. 502 (1) (57 SE 1016); *Mobley v. State,* 51 Ga. App. 459, 461 (180 SE 755); *Jefferson v. State,* 74 Ga. App. 232 (2, 3) (39 SE2d 453);

*Morgan v. State,* 120 Ga. App. 454 (2) (170 SE2d 835). Since there was no written request to charge the contentions of the defendant and the court charged his contentions generally as shown by the evidence, there is no merit in the first assignment of error.

2. While the appellant's defense was that the killing was justifiable homicide in that he acted under the fears of a reasonable man, believing at the time of the killing that his own life and safety were in imminent danger from a felonious assault, there was testimony that the accused and the deceased had threatened each other and that a challenge was issued and both parties went outside the cafe where the fatal shooting occurred. The evidence did not demand a conviction of murder or justifiable homicide. The jury could have determined from all the evidence and the statement of the accused that the crime of voluntary manslaughter was committed. See *Wilkerson v. State,* 95 Ga. App. 756 (1) (98 SE2d 587); *Turner v. State,* 111 Ga. App. 860 (143 SE2d 485); *McKinney v. State,* 121 Ga. App. 815 (6) (175 SE2d 893); *Stuart v. State,* 122 Ga. App. 311 (3). There is no merit in the complaint that the court should not have charged on voluntary manslaughter.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
Submitted February 2, 1971—Decided February 11, 1971.

*Charles R. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, Tony H. Hight,* for appellee.