## A02A0244. DUKES v. THE STATE.
### (568 SE2d 151)

MIKELL, Judge.

A Fulton County jury found Mark Dukes guilty of aggravated assault. On appeal, Dukes claims the trial court erred in (1) refusing to give his request for a charge on no duty to retreat, (2) instructing the jury that excessive force in self-defense is unlawful without also giving a charge on no duty to retreat, and (3) failing to ask that the jury consider the totality of circumstances in which Dukes found himself in determining whether he used excessive force. For reasons which follow, we find that these claims have no merit and affirm.

Viewed in a light most favorable to the verdict, the record shows that on the morning of September 7, 1998, Desmond Shoulders ran up to Dukes to tell him that Dukes's drug supplier wanted to see Dukes about an outstanding debt. Shoulders was a larger man than Dukes and was also Dukes's longtime lover. Dukes told Shoulders that he did not have enough money to pay the drug supplier; Shoulders threw a $5 bill on the ground; Dukes picked up the money and threw it back. Shoulders, who had been smoking "crack" the previous two hours, punched Dukes in the face, and Dukes then pulled out a razor blade and used it to cut Shoulders. Dukes testified that after the initial confrontation, the two began walking toward the hospital, but Shoulders once more punched Dukes with his fists, and he responded by again cutting Shoulders with the razor blade.

Shoulders did not appear at trial to testify. The State presented the eyewitness testimony of Bobby McFarland, who, on the morning of September 7, 1998, saw two men "scuffling" until one broke away and ran, covered with blood. McFarland identified the man who did not run as Dukes. Dukes saw McFarland and threatened him with a razor blade. Dukes demanded and then took McFarland's cash. When McFarland went to the police station to report the robbery, he noticed the man he had previously seen running from Dukes, and he was still covered in blood.

Officer Snowden saw Shoulders in front of the police precinct. Shoulders was bleeding and breathing heavily. Shoulders told Snowden that he had been cut by a man after trying to make a partial payment on a debt. Officer Sutton met with Shoulders, and, after

getting a description and possible location of the suspect, found and detained Dukes, whom Shoulders identified as his attacker.

1. Dukes claims the trial court erred by failing to give his requested charge on no duty to retreat. Dukes asked the trial court to charge the jury that

> One who is not the aggressor is not required to retreat before being justified in using such force as is necessary for personal defense, or in using force which is likely to cause death or great bodily harm, if one reasonably believes such force is necessary to prevent death or great bodily injury to himself or to prevent the commission of a forcible felony.

The rule in Georgia is that "if the person claiming self-defense was not the original aggressor there is no duty to retreat."[1] "[W]here self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat."[2] Self-defense was Dukes's sole defense, but in order for a charge on no duty to retreat to be required, the issue of retreat must be raised by the evidence or placed in issue. A trial court's failure to charge the jury on retreat has been found to be reversible error when the prosecution has raised the issue when questioning witnesses or in closing arguments.[3] But here, and despite Dukes's claims to the contrary, the prosecution did not introduce the issue of retreat in its cross-examination of Dukes, and there is nothing in the evidence that would otherwise raise the issue.[4] The charge given by the trial court on the justified use of self-defense was consistent with OCGA § 16-3-21, and "the statutory charge on justification is sufficient in most cases."[5] In view of the evidence and the record, the trial court did not err in failing to give Dukes's requested charge on no duty to retreat.

2. Dukes next argues that the trial court's failure to charge on no duty to retreat was erroneous in view of its charge on excessive force. The trial court instructed the jury that: "When the force used exceeds that necessary for self-defense, the law considers the defender to be the aggressor. Self-defense is a lawful act, but if excessive force is

---

[1] *Johnson v. State*, 253 Ga. 37, 38 (315 SE2d 871) (1984).

[2] *Ellis v. State*, 245 Ga. App. 807, 808 (3) (539 SE2d 184) (2000), quoting *Johnson*, supra, 253 Ga. at 39. See also *Glover v. State*, 105 Ga. 597 (31 SE 584) (1898).

[3] See *Johnson*, supra, 253 Ga. at 39; *Jackson v. State*, 237 Ga. App. 746 (516 SE2d 792) (1999); *Wainwright v. State*, 197 Ga. App. 43, 44-45 (2) (397 SE2d 456) (1990).

[4] See *Dumas v. State*, 173 Ga. App. 227 (326 SE2d 1) (1984) (prosecutor did not raise issue of retreat, so no requirement to give instruction on no duty to retreat); *Ward v. State*, 254 Ga. 610, 611 (2) (331 SE2d 521) (1985) (State did not raise issue of retreat, and a failure to give charge on retreat not error even where justification was the sole defense).

[5] *Conklin v. State*, 254 Ga. 558, 567 (5) (b) (331 SE2d 532) (1985).

used, the act becomes unlawful." Dukes does not claim that the charge given is per se erroneous, but that the trial court impermissibly emphasized the State's case by giving the charge on excessive force without an accompanying charge on no duty to retreat. In *Renner v. State*,[6] our Supreme Court held that although the State can present evidence of and argue a criminal defendant's flight, the trial court cannot charge the issue of flight to the jury.[7] The Court questioned "[w]hether it is fair for a trial court to identify and explain the possible consequence of one circumstance, such as flight, and not others, which might even point to innocence."[8] This reasoning is not applicable here. It is one thing to charge on a circumstantial indicator of guilt, such as flight, without charging on other circumstantial evidence that might indicate innocence. But excessive force in self-defense may determine guilt; it is more than just a circumstantial indicator of guilt, and the trial court did not accrue any obligation to balance the charge given with another more favorable to the defense. We find that the trial court, by giving the charge on excessive force without also charging on no duty to retreat, did not "unduly stress the contentions of the State, at the same time ignoring the contentions of the accused."[9]

3. Lastly, Dukes claims the trial court erred in charging the jury when it failed to explain to the jury that they could consider the circumstances in which Dukes found himself in gauging whether Dukes's reaction to Shoulders's assault was excessive. In particular, Dukes claims the trial court erred in failing to explain to the jury that the "reasonable man" standard of self-defense would allow the jury to consider the totality of circumstances in which the defendant found himself.[10] Dukes did not request such a charge, nor does he give an example of the charge that should have been given. The trial court did instruct the jury that: "A person is justified in using force against another person when and to the extent that he reasonably believes that such force is necessary to defend himself against the other's imminent use of unlawful force." The instruction given is consistent with OCGA § 16-3-21 (a). We find no error.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002.

*James J. Lacy*, for appellant.

---

[6] 260 Ga. 515, 517-518 (3) (b) (397 SE2d 683) (1990).
[7] See also *Mobley v. State*, 51 Ga. App. 459 (180 SE 755) (1935).
[8] *Renner*, supra, 260 Ga. at 517-518 (3) (b).
[9] (Punctuation omitted.) *Mobley*, supra, 51 Ga. App. at 460.
[10] See *Nobles v. State*, 201 Ga. App. 483, 492 (22) (411 SE2d 294) (1991).

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.