## A05A0747. JONES v. THE STATE.
### (612 SE2d 852)

MILLER, Judge.

Convicted of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, Joey Jones appeals. He contends that he received ineffective assistance of counsel and that the trial court erred in failing to instruct the jury that he had no duty to retreat. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that while in Jones's living room, the victim asked Jones for money owed to him from the purchase of crack cocaine. Jones refused to give the victim any money and began walking toward his bedroom. The victim followed Jones to the bedroom, where Jones retrieved a handgun. Jones and the victim were struggling for control of the gun when two men came into the room and pulled the victim away. Jones then shot the victim three times.

1. Jones argues that the trial court should have instructed the jury that he had no duty to retreat. "The rule in Georgia is that if the person claiming self-defense was not the original aggressor there is no duty to retreat. Where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat." (Punctuation and footnotes omitted.) *Dukes v. State*, 256 Ga. App. 236, 237 (1) (568 SE2d 151) (2002). In order for such a charge to be required, however, the issue of retreat must be raised by the evidence or placed in issue. See id.

Here, Jones argues that the State raised the issue of retreat in its closing argument. Counsel for the State commented: "If someone's in a house and the owner doesn't want them there, what would they do? Pick up the phone, they're in the living room, 911. . . . They didn't pick up the phone, didn't want to call the police, didn't want the police in the apartment at that time." Even if self-defense was Jones's sole defense, the statements made by the State in closing argument did not raise the issue of retreat. Not only was the evidence closed, but the

statements merely suggested other actions that Jones could have taken to protect himself in the situation besides retreating, such as calling 911. See *Clark v. State*, 255 Ga. 370, 374-375 (3) (338 SE2d 269) (1986) (asking defendant whether he had attempted to knock the knife out of the victim's hand did not place the doctrine of retreat in issue); *Ward v. State*, 254 Ga. 610, 611 (2) (331 SE2d 521) (1985). The trial court did not err here in failing to give such an instruction.

2. Jones contends that he received ineffective assistance of both trial counsel and first appellate counsel. We disagree.

(a) Jones argues that his trial counsel was ineffective on several grounds. The only ground raised below, however, was that his trial counsel failed to secure the appearance of a certain witness. Since Jones failed to raise his other claims of ineffective assistance in either his motion for new trial or at the hearing on the motion for new trial, he has waived those additional grounds on appeal. See *Frazier v. State*, 267 Ga. App. 682, 683-684 (2) (601 SE2d 145) (2004); see also *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998).

Jones claims that trial counsel failed to secure the attendance of an eyewitness to the incident between Jones and the victim. As trial counsel had died prior to the hearing on the motion for new trial, first appellate counsel admitted during the hearing that trial counsel subpoenaed the witness, but he failed to appear. Since the witness did not appear and it was not shown that trial counsel could have produced him, we cannot say that the trial court clearly erred in concluding that trial counsel was effective despite being unable to secure the witness's appearance. See *Smith v. State*, 209 Ga. App. 540, 542 (3) (433 SE2d 694) (1993).

(b) Jones claims that his first appellate counsel, who represented him at the motion for new trial hearing, was ineffective for failing to raise trial counsel's lack of preparation for trial. However, "[w]here the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived." (Citations omitted.) *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003). Moreover, "[a] defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel. The only means by which [Jones] may pursue his claim of ineffective appellate counsel is a habeas corpus proceeding." (Citations and punctuation omitted.) *Williams v. State*, 270 Ga. App. 371, 372 (2) (606 SE2d 594) (2004).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 29, 2005.

*Maurice Brown*, for appellant.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.