**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 18, 2017**

# In the Court of Appeals of Georgia

A17A0207. THE STATE v. BYRD.

RICKMAN, Judge.

Aquino Rashaad Byrd was tried by a jury and convicted of aggravated child molestation,[1] child molestation,[2] and statutory rape.[3] More than five years after the trial court entered judgment on the verdict, it granted Byrd's motion for new trial on the

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a).

[3] OCGA § 16-6-3 (a).

general grounds.[4] The State appeals from that decision. For the following reasons, we affirm.

The evidence presented at trial showed the following. In August 2008, the 12 year old victim went with her cousin[5] to Byrd's residence. At the time, Byrd was 21 years old. The victim's cousin asked Byrd if he wanted to have sex with the victim and after he responded affirmatively, she asked the victim if she wanted to have sex with Byrd. After indicating that she did want to have sex with Byrd, the victim went with Byrd into his bedroom. The victim testified that, while in his bedroom, Byrd performed oral sex on her and they engaged in sexual intercourse.

---

[4]     Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is "contrary to . . . the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence." OCGA § 5–5–21. When properly raised in a timely motion, these grounds for a new trial—commonly known as the "general grounds"—require the trial judge to exercise a broad discretion to sit as a 'thirteenth juror.'"

(Citation and punctuation omitted.) *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013).

[5] The victim's cousin is also Byrd's niece.

The victim's cousin observed that the victim and Byrd were in his bedroom for approximately 10 to 15 minutes. Later in the day, the victim told her cousin that she and Byrd had "messed around," which the cousin understood to mean that the two had sex.

A couple of months later, the victim's mother feared that the victim might be pregnant. After asking the victim if she had sex with anyone, the victim admitted that she had had sex with Byrd. The victim's mother called the police. The victim was taken to a child advocacy center, where a forensic interviewer conducted a recorded interview of her. During the interview, the victim admitted that she had sex with Byrd. A copy of this recorded interview was published to the jury.

An investigator with the Asburn Police Department conducted a recorded interview of Byrd. Byrd confessed to performing oral sex on the victim and engaging in sexual intercourse with her. Additionally, Byrd wrote a statement detailing his interaction with the victim. Both the recorded interview and the written statement were published to the jury. However, at trial, Byrd denied having any sexual relations with the victim. Byrd testified that he confessed out of "fear" of going to prison and that he felt "pressured" to write the statement.

Following his convictions,[6] Byrd filed a timely motion for new trial asserting the general grounds. Later, Byrd filed an amended motion for new trial seeking additional grounds for relief. Following a hearing, the trial court granted Byrd's motion for new trial on the general grounds.

1. The State contends that Byrd waived his right to a new trial based on the general grounds. Specifically, the State argues that because Byrd failed to address the general grounds during the hearing on his motion for new trial or in his brief to the trial court following the hearing, he waived them. We disagree.

In the context of a motion for new trial, grounds for relief must be raised "in *either* [the] motion for new trial *or* at the hearing on the motion for new trial." *Jones v. State*, 272 Ga. App. 563 (2) (a) (612 SE2d 852) (2005) (emphasis supplied). Byrd expressly raised the general grounds in his first motion for new trial. Additionally, in his amended motion for new trial Byrd asked that "[the] amended motion and the original motion which it amends be inquired into." The State argues that Byrd affirmatively abandoned this argument because at the hearing on the motion for new trial, his counsel indicated that he would brief "a couple of issues," and yet the brief did

---

[6] Byrd was acquitted of enticing a child for indecent purposes.

not mention the general grounds. However, these actions do not amount to an express waiver.

"[Byrd] did not waive or abandon his claims under OCGA §§ 5-5-20 and 5-5-21, which were predicated upon the already existing trial record, by not separately raising those claims in an evidentiary hearing where the focus was upon his ineffective assistance claim." (Citations omitted.) *Hartley v. State*, 299 Ga. App. 534, 541 (3) (683 SE2d 109) (2009). Nor did he waive or abandon his claims by failing to raise them in his brief following the evidentiary hearing. Accordingly, we find that Byrd did not waive his right to have a new trial granted on the general grounds. See id.

2. The State contends that the trial court erred by granting Byrd's motion for new trial. Specifically, the State argues that the trial court abused its discretion because the evidence of Byrd's guilt was overwhelming and demanded the jury's verdict.

"As a matter of constitutional due process, the evidence presented at trial and summarized above was, when viewed in the light most favorable to the verdicts, legally sufficient to authorize a rational jury to . . . find [Byrd] guilty beyond a reasonable doubt of the crimes for which [he] was convicted." (Citations omitted.) *State v. Hamilton*, 299 Ga. 667, 670 (2) (791 SE2d 51) (2016). See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also *Sanders v. State*, 308 Ga.

App. 303, 304 (1) (a) (707 SE2d 538) (2011), overruled in part on unrelated grounds by *Washington v. State*, 310 Ga. App. 775, 781-782 (7) (714 SE2d 364) (2011) (affirming appellant's aggravated child molestation conviction where victim testified that appellant performed oral sodomy on her); *Collins v. State*, 269 Ga. App. 381, 382 (1) (b) (604 SE2d 240) (2004) (where this Court found the evidence sufficient to convict appellant of child molestation when appellant gave a statement to police that he "put his penis" inside the victim); *Trejo v. State*, 245 Ga. App. 316, 317 (2) (537 SE2d 755) (2000) (evidence sufficient to sustain statutory rape conviction where victim testified about the incident and the defendant admitted to police that he had sexual intercourse with the victim).

However, the fact that the evidence is legally sufficient to sustain Byrd's convictions does not prohibit the trial court from exercising its discretion to grant a new trial under the general grounds. See *Hamilton*, 299 Ga. at 670 (2).

> In exercising [its broad discretion to sit as a "thirteenth juror"], the trial judge must consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. Although the discretion of a trial judge to award a new trial on the general grounds is not boundless—it is, after all, a discretion that should be exercised with caution and invoked only in exceptional cases in which

6

the evidence preponderates heavily against the verdict—it nevertheless is, generally speaking, a substantial discretion.

(Citation and punctuation omitted.) Id. "An appellate court will not disturb the first grant of a new trial based on the general grounds unless the trial court abused its discretion in granting it and the law and the facts demand the verdict rendered." Id. See OCGA § 5-5-50.[7]

In this case, the trial court stated in its new trial order that "[u]pon the review of the record, arguments of counsel, and considering the credibility of witnesses, conflicts in the evidence and the weight of the evidence, the [trial court] finds the verdict in this case contrary to the evidence and contrary to the principles of justice and equity." Having reviewed the record, we note that this case rested entirely upon the credibility of Byrd, the victim, and witnesses. Under the facts and circumstances of this case, we are constrained by existing precedent to "conclude that the trial court, who observed the trial and who had the duty to examine the conflicts in the evidence and the credibility of the witnesses in ruling on the general grounds, did not abuse its broad

---

[7] OCGA § 5-5-50 provides, "[t]he first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."

discretion in granting [Byrd's] new trial[] on the general grounds." (Footnote omitted.) *State v. Cash*, 298 Ga. 90, 97 (2) (c) (779 SE2d 603) (2015); see also *Hamilton*, 299 Ga. at 670-671 (2); *State v. Harris*, 292 Ga. 92, 94-95 (734 SE2d 357) (2012). "Because the evidence presented at [Byrd's] first trial was constitutionally sufficient to support the jury's guilty verdicts, the State may elect to retry [him] on those counts." *Hamilton*, 299 Ga. at 671 (4).

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur.*