**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 14, 2018**

# In the Court of Appeals of Georgia

A17A1773. THE STATE v. ARLINE.

MCFADDEN, Presiding Judge

After a jury found Ronald Arline guilty of aggravated child molestation, rape, and child molestation, the trial court granted his motion for new trial on the general grounds. The state appeals, arguing that the trial court applied the wrong standard in granting the motion and that, in granting it, the trial court showed bias against the state. We affirm. [1]

The trial court found dispositive the alleged victim's revelation to prosecutors — on the seventh day of trial, after the state had rested — that, contrary to what she

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

had said up to that moment, she had been sexually active with an adult male other than Arline during the period of time alleged in the indictment. This revelation, the trial court explained in a detailed and thoughtful order, presented defense counsel with a "strategic dilemma": if he called the victim to the stand, he would have "no guarantee of what she might say." The defense did not call her, and the jury never learned of the belated disclosure.

1. *General grounds.*

The authority of trial courts to grant new trials on the general grounds was part of the deposit of English common law upon which Georgia law was founded, *Graddy v. Hightower*, 1 Ga. 252, 254 (1846), was recognized in the Judiciary Act of 1799, *Morgan v. Morgan*, 15 Ga. 288, 289 (1854), and was codified in the first Georgia Code. Code 1863, §§ 3637, 3641. The current versions of those provisions is as follows. "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20. "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21.

2

Applying the general grounds here, the trial court noted that there were substantial conflicts in the evidence, including variations among the allegations the alleged victim had brought forward and her alleged recantations of those allegations. But he noted also that those conflicts had been thoroughly and competently aired at trial. Consequently, he held, the evidence was not only "legally sufficient," see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), but also "not contrary to the evidence presented at trial" and "not decidedly and strongly against the weight of the evidence."

What concerned the trial court was the evidence the jury did not hear. The trial court noted that the district attorney's initial reaction to the alleged victim's untimely revelation was to "verbally contemplate[] terminating the prosecution." And the order explains in detail how important that testimony would have been. "Accordingly the [trial] court exercise[d] its discretion on the sole ground of 'principles of justice and equity' (OCGA § 5-5-20), [and] grant[ed] a new trial to defendant Arline."

The state argues that the trial court misconstrued OCGA § 5-5-20, that the statute has two required elements. According to the state, a trial court may not grant a new trial under that provision unless "the verdict of a jury is found contrary to evidence *and* the principles of justice and equity." In other words, the state would

3

have us hold, because the trial court found the verdict not contrary to the evidence that the jury *did* hear, he was without power to remedy a violation of the principles of justice and equity. The trial court was without power, the state argues, because that injustice and inequity was wrought by the alleged victim's failure to timely disclose vital evidence the jury consequently *did not* hear.

We are not persuaded. The state has cited no authority for the proposition that a trial judge considering the general grounds must disregard matters heard by the court but not by the jury. On the contrary, as our Supreme Court has explained:

> Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is "contrary to the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial – commonly known as the "general grounds" – require the trial judge to exercise a "broad discretion to sit as a 'thirteenth juror.'" In exercising that discretion, the trial judge must consider some of the things that he cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence.

*Hornbuckle v. State*, 300 Ga. 750, 755 (5) (797 SE2d 113) (2017) (citation, punctuation, and emphasis omitted). "Our sovereign, the law, has in effect said to the trial judge: We charge you to let no verdict stand unless your conscience approves it, although there may be some slight evidence to support it." *Walker v. State*, 292 Ga.

4

262, 264 (2) (737 SE2d 311) (2013) (citation and punctuation omitted). Thus, contrary to the state's argument, "the fact that the evidence [was] legally sufficient to sustain [the] convictions [did] not prohibit the trial court from exercising its discretion to grant a new trial on the general grounds [that the verdict was contrary to the principles of justice and equity]." *State v. Byrd*, 341 Ga. App. 421, 424 (2) (801 SE2d 99) (2017) (citation omitted).

> Although the discretion of a trial judge to award a new trial on the general grounds is not boundless – it is, after all, a discretion that should be exercised with caution and invoked only in exceptional cases in which the evidence preponderates heavily against the verdict – it nevertheless is, generally speaking, a substantial discretion. An appellate court will not disturb the first grant of a new trial based on the general grounds unless the trial court abused its discretion in granting it and the law and the facts demand the verdict rendered.

*State v. Hamilton*, 299 Ga. 667, 670-671 (2) (791 SE2d 51) (2016) (citations and punctuation omitted). Here, because the trial court did not abuse its discretion and the law and facts did not demand the verdict rendered, we will not disturb the trial court's ruling.

2. *Judicial bias.*

In its second enumeration of error, the state contends that by granting the motion for new trial, the state "reveal[ed] such a high degree of favoritism and

antagonism by the trial court as to make a fair judgment impossible." The state takes that language from a decision of the United States Supreme Court. *Liteky v. United States*, 510 U. S. 540, 555 (II), (114 SCt 1147, 127 LE2d 474) (1994). The issue in *Liteky* was disqualification.

According to the state, the trial court's order

exposes a hostility toward the verdict of the jury, not founded in fact, the evidence or the law, and subjects the victim to yet another episode involving the matter of this crime perpetrated upon her by the Appellee. Appellant suggests that this verdict is an affront to the victim's sense of justice and equity, and reveals a high degree of favoritism and antagonism by the trial court as to make a fair judgment impossible. A duly appointed jury rendered a lawful verdict upon determining the facts in this matter based on the evidence. The law was applied and justice was served. To now nullify that decision without a finding of the verdict being contrary to the evidence or fully applying the elements of OCGA § 5-5-20, which the trial court cited, reflects a high degree of favoritism toward Appellee and antagonism toward Appellant.

The state's argument is without merit. As explained in the very case cited by the state, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. [Cit.]" *Liteky*, supra. The state "has shown no actual bias . . . to support [its] claim[.]" *Barnett v. State*, 300 Ga. 551, 556 (2) (796 SE2d 653) (2017)

6

(citing *Liteky* for proposition that judicial rulings alone will almost never support a claim of bias).

Moreover, contrary to the state's argument, the granting of a motion for new trial on the general grounds is not an usurpation of the jury's role, but is a duty imposed upon a trial judge faced with a meritorious motion for new trial on the general grounds. As noted above, our law charges trial judges "to let no verdict stand unless your conscience approves it." *Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013). Indeed, when a record shows that a trial court has denied a motion for new trial without discharging its duty to exercise its discretion and weigh the evidence, that denial will be vacated on appeal. See *Atkins v. State*, 342 Ga. App. 849, (805 SE2d 612) (2017).

And even more fundamentally, a trial court's performance of its duty to sit as a thirteenth juror and weigh the evidence is not, as the state suggests, an "affront to the victim's sense of justice and equity." Judges are required to decide difficult questions that evoke strong feelings.

While counsel, no less than parties and other interested persons, may be disappointed in a ruling, our standards of professionalism mandate courtesy and formality. In particular Court of Appeals Rule 10 provides, "Personal remarks that are

discourteous or disparaging to any judge, opposing counsel, or any court, whether oral or written, are strictly forbidden." We abstain, in an exercise of our discretion, from deciding whether the state should be sanctioned for violating that rule.

*Judgment affirmed. Bethel, J., concurs specially. Branch, J., concurs specially and in the judgment only.**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**

A17A1773.  THE STATE v. ARLINE.

BRANCH, Judge, concurring specially.

The Supreme Court of Georgia has recently explained that "[a]n appellate court will not disturb the first grant of a new trial based on the general grounds," including OCGA § 5-5-20[1] (under which this trial court granted Arline a new trial), "unless the trial court abused its discretion in granting it and the law and the facts demand the verdict rendered." *State v. Hamilton*, 299 Ga. 667, 670-671 (2) (791 SE2d 51) (2016); see also OCGA § 5-5-50 ("The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."). Although the discretion to award a new trial on the general grounds "is not boundless," "should be exercised with caution," and should be "invoked only in exceptional cases in which the evidence preponderates heavily against the verdict," it is "nevertheless . . . a substantial discretion." *Hamilton*, 299

---

[1] OCGA § 5-5-20 provides that "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury."

Ga. at 670-671 (2) (punctuation and citation omitted) (affirming trial court's grant of a new trial when the appellate court could not say that the decision was "an abuse of the trial court's discretion to act as the 'thirteenth juror' in the case").

In this case, the trial court explained that after its review of the trial transcript, it concluded that the jury's guilty verdict was "contrary to the principles of justice and equity" and therefore exercised its discretion to grant a new trial. Having reviewed the record, I cannot say that the trial court abused its substantial discretion to act as the thirteenth juror when it granted a new trial. I therefore concur, but I do so only in the judgment because although I agree with the result reached by the majority, I do not agree with all that is said in its opinion. See Court of Appeals Rule 33.2 (a) (1) (an opinion is "physical precedent only . . . with respect to any portion of the published opinion in which any of the panel judges concur in the judgment only").

2

A17A1773. THE STATE v. ARLINE.

BETHEL, Judge, concurring specially.

I concur in the opinion that the trial court did not abuse its broad discretion in granting Arline's motion for new trial on general grounds and that the grant of a new trial was not infected with any judicial bias that calls into question the legality of the ruling. I write separately for two reasons. First, while I find myself in agreement as to the claim of improper bias, I am not fully aligned with the analysis of that issue. Second, I wish to highlight a point in the general grounds analysis. I do not believe the trial court is bound to analyze only the evidence the jury heard in performing an analysis under OCGA § 5-5-20. Rather, I believe the trial court is empowered by OCGA § 5-5-20 to consider all evidence available to the court in the interest of avoiding rendering a judgment on a verdict that is inconsistent with the principles of justice and equity.