**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 12, 2020**

# In the Court of Appeals of Georgia

A19A2388. WHIPKEY v. THE STATE.

RICKMAN, Judge.

Robert Ray Whipkey was tried by a jury and convicted on one count of rape, two counts of enticing a child for indecent purposes, two counts of aggravated child molestation, and one count of aggravated sexual battery.[1] On appeal, Whipkey contends that the trial court erred by striking his amended motion for new trial and, thus, failing to consider his claim for ineffective assistance of counsel. For the following reasons, we vacate the judgment and remand this case to the trial court for proceedings consistent with this opinion.

---

[1] Whipkey was also found guilty of one count of statutory rape and two counts of child molestation, but those convictions merged into his convictions for rape and aggravated child molestation for the purposes of sentencing.

Following Whipkey's convictions, his trial counsel filed a timely motion for new trial. Approximately two weeks later, newly appointed counsel filed another motion for new trial. The motion for new trial hearing was specially set twice, with the latest date being October 8, 2018. On September 11, 2018, the trial court issued a scheduling order directing Whipkey to file his amended motion for new trial and a list of hearing witnesses by September 17, 2018. The scheduling order required that "[t]he amended motion for new trial shall include all issues [Whipkey] desires to raise for the [c]ourt's consideration."

On the same date as the scheduling order was filed, Whipkey filed a motion to amend the scheduling order to allow an amended motion for new trial to be filed by October 1, 2018 or, in the alternative, for a continuance of the hearing until November 2018. Whipkey filed his amended motion for new trial on October 1, 2018, which included claims for ineffective assistance of counsel.

The trial court denied Whipkey's motion for modification of the scheduling order and/or a continuance. Citing to our Supreme Court's directive in *Owens v. State*, 303 Ga. 254, 258 (4) (811 SE2d 420) (2018) that all involved in the criminal justice system, including trial courts, are to ensure that post-conviction motions are filed without delay, the trial court held that Whipkey waived his right to argue any

enumerations of error that were filed after the deadline set in the scheduling order. Inexplicably, the trial court granted the State a continuance from the motion for new trial hearing even though it reiterated that Whipkey would only be allowed to argue the general grounds that were filed in his first two boilerplate motions for new trial. The hearing was then continued until January 18, 2019.

Prior to the January motion for new trial hearing, appellate counsel filed a second motion for new trial alleging that the trial court erred by failing to consider the grounds raised in the first amended motion for new trial and asserting a claim of ineffective assistance of counsel against Whipkey's counsel who filed the first amended motion for new trial for missing the scheduling deadline. At the motion for new trial hearing, the trial court declined to allow Whipkey to raise any grounds not raised in the first two motions for new trial and, thereafter, entered a written order denying his motion for new trial.

Whipkey contends that the trial court erred by striking his amended motion for new trial and, thus, failing to consider his claim for ineffective assistance of counsel. We agree.

Pursuant to OCGA § 5-5-40 (b), a motion for new trial "may be amended any time on or before the ruling thereon." Additionally, "[t]he grounds of the motion need not be approved by the court." OCGA § 5-5-40 (d).

We appreciate the trial court's recognition that motions for new trial be dealt with expeditiously. However, Whipkey requested that he be allowed to be file his amended motion a week before the scheduled October hearing or, alternatively, that the hearing be continued until November.

The trial court erred by issued a scheduling order which was in direct conflict with Whipkey's statutory right to amend his motion for new trial at any time prior to the trial court's ruling on the motion. See OCGA § 5-5-40 (b). Accordingly, the trial court erred by failing to consider Whipkey's first amended motion for new trial, and we remand this case to the trial court for it to conduct a hearing on Whipkey's first amended motion for new trial. See *State v. Byrd*, 341 Ga. App. 421, 423 (1) (801 SE2d 99) (2017) (explaining that grounds for a motion for new trial may be raised either in the motion or can be argued at the new trial hearing); *Jones v. State*, 272 Ga. App. 563, 564 (2) (a) (612 SE2d 852) (2005) (same).

*Judgment vacated; case remanded with direction. Miller, P. J., and Reese, J., concur.*

4